## MOSHER *v.* CITY OF PHOENIX.

Nos. 6 and 7.   Argued October 17, 1932.—Decided November 7, 1932.

30

*Mr. John W. Ray* for petitioner.

*Messrs. Sidman D. Barber* and *John L. Gust* appeared for respondent.

MR. CHIEF JUSTICE HUGHES delivered the opinion of the Court.

Decrees dismissing the bills of complaint for the want of jurisdiction were affirmed by the Circuit Court of Appeals, 54 F. (2d) 777, 778, and writs of certiorari were granted limited to the question of the jurisdiction of the District Court as a federal court. 285 U. S. 535.

There is no diversity of citizenship and jurisdiction depends upon the presentation by the bills of complaint of a substantial federal question. Jurisdiction is thus determined by the allegations of the bills and not by the way the facts turn out or by a decision of the merits. *Pacific Electric Ry. Co.* v. *Los Angeles,* 194 U. S. 112, 118; *Columbus Railway, Power & Light Co.* v. *Columbus,* 249 U. S. 399, 406; *South Covington & Cincinnati Street Ry. Co.* v. *Newport,* 259 U. S. 97, 99.

The suits were brought by petitioner as owner of parcels of land in the City of Phoenix, Arizona, to restrain the City from appropriating her land for purposes of a street improvement. The Circuit Court of Appeals, having decided in *Collins* v. *Phoenix,* 54 F. (2d) 770 (where jurisdiction of the federal court rested on diversity of citizenship), that the proceedings of the City were not authorized by the statutes of Arizona,[1] held in the instant cases that the petitioner, having alleged that the proceedings were void under the state law, had not presented a

---

[1] Compare decision of Supreme Court of Arizona in *Mosher* v. *Phoenix,* 7 P. (2d) 622.

substantial federal question. But petitioner did not stop with allegations as to the City's authority under state law. Petitioner also alleged, in No. 6, after setting forth her title, her claim as to the width of the street in question, and the action of the City in including her property as a part of the street and in contracting for the street improvement upon that basis, that the City was thereby "attempting to take and appropriate the property of plaintiff without compensation, and to take and appropriate and use same and deprive the said plaintiff of the permanent use thereof without due process of law, or any process of law, . . . and in violation of the rights of plaintiff as guaranteed her under the Constitution of the United States, and particularly under amendments five and fourteen thereof, which plaintiff here and now pleads and relies on for her protection against the wrongs and threatened wrongs of the defendant city in the proposed taking of her property as hereinbefore described." And this appeal to the Fourteenth Amendment was reiterated as against the action of the City which was alleged to have been taken "under the authority" of the "ordinances, resolutions and acts" set forth in the bill of complaint, it being also alleged that there had been no dedication or deed to the City and no proceedings for condemnation. Similar allegations of federal right, but more briefly stated, are found in the bill of complaint in No. 7.

In this respect the instant cases are similar to that of *Cuyahoga Power Co.* v. *Akron*, 240 U. S. 462, where the plaintiff, after setting forth provisions of the statutes and constitution of Ohio and concluding that the City had no constitutional power to take the property and franchises of the plaintiff and was exceeding the authority conferred by state law, further alleged that the City was attempting to take the plaintiff's property without compensation and was going forward with the enterprise in question in violation of the contract clause and Fourteenth Amendment

of the Constitution of the United States. This Court held that "whether the plaintiff has any rights that the City is bound to respect can be decided only by taking jurisdiction of the case" and that it was necessary for the District Court to deal with the merits. See, also, *Fidelity & Deposit Co.* v. *Tafoya,* 270 U. S. 426, 434; *Iowa-Des Moines National Bank* v. *Bennett,* 284 U. S. 239, 246.

We are of the opinion that the allegations of the bills of complaint that the City acting under color of state authority was violating the asserted private right secured by the Federal Constitution, presented a substantial federal question and that it was error of the District Court to refuse jurisdiction.

*Decrees reversed.*