## CARTER v. BRAMLETT et al.
Civ. No. 898.

District Court, N. D. Texas,
Dallas Division.

Sept. 22, 1943.

Leake, Henry, Young & Golden, C. E. Farrall, William B. Miller, and J. M. Hoppenstein, all of Dallas, Tex., for the motion.

Farley Reasonover and W. S. Bramlett, both of Dallas, Tex., opposed.

ATWELL, District Judge.

The plaintiff, a widow, sues for a large amount of damages alleged to have been suffered by her as a result of the forcible removal of herself and her furnishings from a four-room apartment at 1410 Apple Street, Dallas, Texas.

548

The defendants are: the owner of the property, joined by her husband; the constable who removed her; and the bonding company which made the sequestration bond authorizing such ouster.

She claims that her rent was paid but that the defendant, Bramlett, instituted a forcible detainer suit against her in the state Justice Court. That suit did not go to judgment, but the defendant, Bramlett, secured a writ under the state law, and it was placed in the hands of the Constable for execution, which service he performed. Thereafter, the plaintiff brought this suit in the state District Court for damages.

Her petition alleges the foregoing steps and then that, "the defendants without just cause or provocation, and without compliance with the existing law and rules and regulations of the Office of Price Administration governing under the Emergency Price Control Act of 1943, 50 U.S.C.A. Appendix § 901 et seq., and the maximum rent regulations pertaining thereto governing the area of Dallas, Dallas County, Texas, did institute eviction proceedings against the plaintiff." Again, "that the suit and writ of possession were wrongfully issued and without jurisdiction or authority, or basis in law, being contrary to the provisions of the Emergency Price Control Act of 1942 and the prevailing maximum rent regulations for Dallas, Dallas County, Texas, which were in full force and effect, and which are referred to and made a part hereof as though fully incorporated herein, and of which the defendants had full and complete knowledge."

Those constitute the allegations which refer to the alleged controversy under the statutes of the United States which are argued as the basis for the removal petition and in support of the defendants' contention that the motion to remand should be overruled.

■ All of the parties, plaintiff and defendant, are residents of Texas. There being no diversity, jurisdiction depends upon the presentation by the bill of complaint of the substantial federal question. Mosher v. City of Phoenix, 287 U.S. 29, 30, 53 S. Ct. 67, 77 L.Ed. 148. A case arises under the Constitution or a law of the United States whenever its correct decision depends upon the construction of either. Cases arising under the laws of the United States are such as grow out of the legislation of Congress, whether they constitute the right or privilege or claim or protection or defense of the party, in whole or in part, by whom they are asserted. When a question to which the judicial power of the United States is extended forms an ingredient of the cause it is one within the national court jurisdiction, although other questions of fact, or of law, may be in it. A case arises under the laws of the United States, when it arises out of the implication of the law. Macon Grocery Co. v. Atlantic Coast Line R. Co., 215 U.S. 501, 507, 30 S. Ct. 184, 54 L.Ed. 300.

■ A case is said to arise under a law of the United States whenever its correct decision depends upon the construction of it, or when the right of a party may be sustained by one construction or defeated by another.

The quotations from the plaintiff's petition are evidences of a poverty of pleading, but one cannot truthfully say that they do not raise, by implication, at any rate, the materiality of the O. P. A. Act and regulations made thereunder.

■ The evident persistency of the plaintiff in maintaining her right to the cottage was due to her belief that the O. P. A. protected her in such claim. If she was so protected by that national Act, the case arises under a law of the United States and is removable.

■ The plaintiff suggests that even though her rights are measured under the O. P. A., as instituted by her, that the state courts have jurisdiction, concurrent with the jurisdiction of the national courts. There is nothing in the Act which limits the right of removal.

The pleaded facts of the plaintiff show that the original cause was a Justice of the Peace suit. After that suit was brought, and before a judgment was rendered therein for either the plaintiff or the defendant, the plaintiff pursued another remedy allowed under the state statute. As a result of the use of that remedy, the plaintiff claims she was wronged and brought the instant suit for damages. The instant suit for damages rests upon its own basis. That is the suit in which the quoted allegations were made by the plaintiff. Those are the allegations that support the defendants' right to remove. The suit in the Justice court was not removed. It still pends.

The motion to remand must be denied.