**PHELPS et al. v. HANSON et al.**

**No. 11641.**

Circuit Court of Appeals, Ninth Circuit.

Oct. 23, 1947.

Kenneth R. L. Simmons and Roy F. Allan, both of Billings, Mont., for appellants.

H. C. Crippen, Rockwood Brown and Horace S. Davis, all of Billings, Mont., for appellees.

Before DENMAN, HEALY, and BONE, Circuit Judges.

HEALY, Circuit Judge.

Appellants brought this suit to quiet title to the waters of the south fork of Dry Head Creek in the Crow Indian Reservation in Montana. The stream has its source off the Reservation but flows into it and upon appellants' lands. Appellants, who are white grantees or successors in interest of a Crow Indian allottee, claim a prior right to the use of its waters as an appurtenance to their lands situated within the Reservation. Their complaint was dismissed by the trial court on motion of the defendants (appellees) for lack of the necessary jurisdictional averments.

It appears on the face of the complaint that there is not diversity of citizenship as between the plaintiffs and all of the defendants. Jurisdiction attaches, if at all, under § 24(1) of the Judicial Code, 28 U.S.C.A. § 41(1), giving to the district courts original jurisdiction of suits of a civil nature, at common law or in equity, where the matter in controversy exceeds $3,000, "and * * * arises under the Constitution or laws of the United States, or treaties made, or which shall be made, under their authority." The claim, as laid in the complaint, is that jurisdiction attaches by virtue of the fact that the rights of appellants arise under a treaty entered into May 7, 1868, between the United States and the Crow Tribe of Indians, 15 Stat. L. 649. It is alleged that by force of the treaty the United States became trustee for the Crow Tribe, holding legal title to all of the lands and waters in the Reservation for the Indians and their successors in interest; and that all of the waters of the included streams necessary for the successful irrigation of lands on the Reservation were reserved to the Indians and their successors in interest, and are exempt from appropriation under territorial or state laws. The defendants are said to have wrongfully diverted the waters of the stream at a point above the intake of appellants' ditch and outside the Reservation, for the irrigation of lands also lying outside it.

Appellants, on the authority of United States v. Powers, 305 U.S. 527, 59 S.Ct. 344, 83 L.Ed. 330, and Winters v. United States, 207 U.S. 564, 28 S.Ct. 207, 52 L.Ed. 340, state their contention to be that, since their land and the water are located on the Reservation, the date of their priority to the use of the water is May 7, 1868, the

date of the Crow Treaty. They have not, however, alleged in their complaint, nor do they otherwise assert, that the defendants dispute this proposition or insist upon another or different construction of the treaty. Their theory seems to be simply that federal jurisdiction attaches because their rights arise out of the treaty and the construction placed upon it by the courts.

We are not able to agree. The fact that appellants deraign title through the treaty is not enough. Nor does it matter that the courts have given a particular and authoritative construction to the treaty or to treaties containing like provisions. It is settled by an unbroken line of decisions that the federal courts do not have jurisdiction of a cause under the statute unless it arises, in part at least, out of a controversy between the parties in regard to the operation and effect of the Constitution or laws of the United States, or some treaty made under the authority thereof. Jurisdiction does not attach merely because, in the course of the litigation, it may become necessary to construe a law or treaty of the United States. It must appear that the decision of the case depends upon that construction. This principle was clearly announced by Chief Justice Waite in Gold-Washing & Water Co. v. Keyes, 96 U.S. 199, 24 L.Ed. 656, and has not, so far as we are advised, been since departed from. In Blackburn v. Portland Gold Mining Co., 175 U.S. 571, 20 S.Ct. 222, 225, 44 L.Ed. 276, the court observed that it "has frequently been vainly asked to hold that controversies in respect to lands, one of the parties to which had derived his title directly under an act of Congress, for that reason alone presented a Federal question." And in Hull v. Burr, 234 U.S. 712, 34 S.Ct. 892, 895, 58 L.Ed. 1557, it was said that the rule is firmly established that a suit does not arise under the first subdivision of § 24 of the Judicial Code "unless it really and substantially involves a dispute or controversy respecting the validity, construction, or effect of some law of the United States, upon the determination of which the result

depends. And this must appear not by mere inference, but by distinct averments, according to the rules of good pleading * * *".[1]

As we have said, the complaint exhibits no controversy between the parties concerning the operation or effect of the Crow Treaty. Appellees, indeed, disclaim any quarrel with the construction given it in the authorities on which their adversaries rely. It may be, as appellants themselves appear to concede, that the decision of the case will turn on defenses having nothing to do with the treaty, such as the abandonment by appellants of their rights, or upon the existence of a surplus of available water beyond appellants' needs, or upon proof of natural conditions in the stream bed showing that the waters claimed to be wrongfully diverted would not reach appellants' lands even had appellees made no diversion.

Appellees contend and the trial court thought that jurisdiction is wanting on another ground, namely, that there is no sufficient showing in the complaint that the matter in controversy exceeds, exclusive of interest and costs, the value of $3,000. It is unnecessary to decide the point and we refrain from passing upon it.

Affirmed.

---

[1] Consult further Deere v. St. Lawrence River Power Co., 2 Cir., 32 F.2d 550; Gustason v. California Trust Co., 9 Cir., 73 F.2d 765; Wilson v. Robinson, 9 Cir., 16 F.2d 431.