## COCUZZA v. BERYLLIUM CORPORATION.

Civ. No. 8900.

United States District Court
E. D. Pennsylvania.

Jan. 6, 1949.

Speicher & Austin, of Reading, Pa., for plaintiff.

Oscar Brown, of Philadelphia, Pa., for defendant.

FOLLMER, District Judge.

The issues now before the Court arise on a motion to dismiss the complaint, on the ground that it fails to state a claim upon which relief can be granted.

The plaintiff, Sylvester Cocuzza, Sr., Administrator of the Estate of Rose Cocuzza, on September 24, 1948, filed the Complaint, in two counts; first, for the wrongful death of the plaintiff's decedent, his wife; and second, under the Pennsylvania Survival Act. 12 P.S. § 1601 et seq.

The Complaint averred that plaintiff has been, since November 29, 1942, employed by defendant at the defendant's plant located at Tuckerton, Berks County, Pennsylvania; that plaintiff, in the course of his employment, works and has worked in and around the melting department of the defendant where beryllium metal is subjected to extremely high temperatures; that beryllium metal, under certain conditions, is a poisonous, harmful and toxic substance, and that through his employment, the clothes of the plaintiff were impregnated with this poisonous substance; that as a result of her contact with the plaintiff and as a result of her care of and laundering of the plaintiff's clothes during his employment by the defendant, the plaintiff's decedent,

Rose Cocuzza, his wife, was poisoned; and that as a result of this poisoning, she died on October 30, 1947.

The Complaint further avers that the plaintiff has been continuously employed by the defendant since November 29, 1942, up to the date of this action, except for the period from November 26, 1946, to February 1947, when plaintiff was unable to work due to illness; that during the period of the employment of plaintiff by defendant, Rose Cocuzza performed all of the normal duties of a wife to the plaintiff, including the washing, ironing and sewing of wearing apparel and the preparation of meals; that all of the said injuries are the direct result of the carelessness and negligence on the part of the defendant, as follows:

"(a) In failing to warn the plaintiff of the dangerous, poisonous and toxic nature of beryllium and its compounds.

"(b) In failing to warn the plaintiff of the possible danger of poisoning members of his family.

"(c) In failing to provide safety devices around its furnaces to prevent poisonous fumes and substances from coming into contact with employees.

"(d) In failing to provide protective clothing to be worn in the defendant's plant.

"(e) In failing to warn the plaintiff of dangers to parties coming into contact with clothing worn in the defendant's plant.

"(f) In allowing poisonous fumes and substances to escape from its furnaces to an extent sufficient to impregnate clothing of an employee, so that contact with said clothing by a non-employee, plaintiff's decedent, resulted in her poisoning."

Defendant contends there can be no recovery here because:

"(1) There was no foreseeable, unreasonable risk of harm to decedent necessary to sustain a charge of negligence.

"(2) If negligence was established, it was the remote and not the proximate cause of the injury because of intervening acts of decedent's husband.

"(3) Even if Defendant breached a duty of due care to its employees, such breach cannot create a cause of action in favor of a person not within said class."

For the purpose of a motion to dismiss, all the well pleaded allegations of the Complaint must be accepted as true.[1]

As to whether the death of plaintiff's wife for the reasons indicated in the Complaint was a foreseeable risk necessary to sustain a charge of negligence on the part of defendant, or whether if negligence of defendant were established it would be the remote or proximate cause of the injury, are all questions of fact for the jury after hearing all of the testimony offered.[2] Certainly, at this time, the Court is in no position to determine whether or not there was a duty on the part of this defendant to any person outside of its immediate employee personnel.

The sole question now before the Court is whether the plaintiff's allegations state a claim against defendant upon which relief can be granted.[3] I think it does.

Now, this 6th day of January, 1949, the motion of defendant to dismiss the complaint is denied and the defendant is hereby ordered to file an answer to the complaint within 20 days from the date of this order.

---

[1] Aralac, Inc. v. Hat Corporation of America, 3 Cir., 166 F.2d 286, and cases cited therein.

[2] The question whether a person charged with negligence or negligent acts or omissions should have foreseen the injuries resulting from those acts or omissions is for the jury, if there is any credible evidence from which a reasonable conclusion can be drawn in support of the claim of neglect of duty. Malitov-sky v. Harshaw Chemical Co., 1948, 360 Pa. 279, 61 A.2d 846.

Whether or not such credible evidence is adduced sufficient to warrant submitting the case to the jury is a matter for determination by the Trial Court.

[3] Jurisdiction is determined by the allegations of the bill and not by way the facts turn out or by a decision of the merits. Mosher v. City of Phoenix, 287 U.S. 29, 53 S.Ct. 67, 77 L.Ed. 148.