CHENGFAN HSU v. PHILIPPINE AIR LINES, Inc., et al.

No. 30474.

United States District Court
N. D. California, S. D.

Aug. 3, 1951.

Paul A. Shuman and Allan, Miller & Groezinger, all of San Francisco, Cal., for plaintiff.

L. W. Wrixon, San Francisco, Cal., for defendant.

HARRIS, District Judge.

Plaintiff, an alien resident of the United States who is attending school in the Eastern section of the country, seeks to recover damages from defendant Philippine Air Lines, Inc. for its part in contributing to her confinement in the immigration quarters for a period of one month upon her arrival in the United States.

Plaintiff alleges several causes of action against defendant, but the gravamen is that defendant failed to obtain proper entry papers for plaintiff from the British Consulate at Hongkong.

■ Defendant has moved to quash service of summons and has also moved to dismiss the complaint. Defendant asserts that it is a foreign corporation engaged exclusively in foreign commerce and is not subject to service of process in the State of California, although it concedes that it has an office in this state. The authorities which defendant relies upon are distinguishable from the case at bar inasmuch as service was made upon a statutory agent in Old Wayne Life Ass'n v. McDonough, 204 U.S. 8, 27 S.Ct. 236, 51 L. Ed. 345; Simon v. Southern Railway Co., 236 U.S. 115, 35 S.Ct. 255, 59 L.Ed. 492 and Mitchell Furniture Co. v. Selden Breck Const. Co., 257 U.S. 213, 42 S.Ct. 84, 66 L. Ed. 201, 203. The remaining authorities deal with a situation in which the cause of action was not related to the forum in which plaintiff sought to recover. In the instant case, plaintiff's alleged damages for defendant's asserted wrongful conduct did not occur until plaintiff arrived in California. Service of summons was proper in this state. International Milling Co. v. Columbia Transportation Co., 292 U.S. 511, 54 S.Ct. 797, 78 L.Ed. 1396.

Accordingly, the motion to quash is denied.

The remaining problem is whether there is a federal question involved. In order that plaintiff may recover from defendant in the United States District Court plaintiff must plead a cause of action which arises under the Constitution, a law or a treaty of the United States.

■ Plaintiff alleges failure on the part of defendant to satisfy the requirements of the immigration laws in obtaining admission papers for plaintiff. Such failure gives rise to a breach of contract or an action based upon negligence or fraud, as the case may be. Plaintiff's right to recover hinges upon the court's construction or interpretation of a federal immigration law. Thus the doctrine enunciated in the early case of Smith v. Kansas City Title Company, 255 U.S. 180, 199, 41 S.Ct. 243, 65 L.Ed. 577, is applicable and this Court has jurisdiction of the action.

■ In support of its motion to dismiss, defendant has cited International Refugee Organization v. Republic Steamship Corp., D.C., 92 F.Supp. 674; Kavourgias v. Nicholaou Co., 9 Cir., 148 F.2d 96. These cases are not apposite. They stand for the well-established proposition that aliens

may not bring an action in the federal court, nor have an action removed to the federal court from a state court, in the absence of presenting a question involving construction of the Constitution, laws or treaties of the United States. They are distinguishable on their facts. Similarly, Phelps v. Hanson, 9 Cir., 163 F.2d 973, and Marshall v. Desert Properties Company, 9 Cir., 103 F.2d 551, are distinguishable.

The case of Doidge v. Cunard Steamship Co., Ltd., 1 Cir., 19 F.2d 500, does not present an obstacle to the establishment of jurisdiction in the instant case. Analysis of the Doidge decision shows that the sole question for the Court to pass upon dealt with the forging of a visa. The immigration laws themselves were not involved in plaintiff's cause of action and called for no interpretation. In the instant case, as plaintiff has pleaded her causes of action, it is essential that the Court construe the pertinent immigration laws before it is able to reach a decision. Under these circumstances the present case falls within the category of those decisions based upon construction of United States laws and is distinguishable from Doidge v. Cunard Steamship Company. Cf. Furrow v. Koutsky-Brennan-Vana Co., 9 Cir., 182 F.2d 496; Carter v. Bramlett, D.C., 51 F.Supp. 547.

Accordingly, defendant's motion to dismiss is denied.