HOXIE SCHOOL DISTRICT NO. 46 of LAWRENCE COUNTY, ARKANSAS, a body corporate under the laws of the State of Arkansas; L. R. Howell, L. L. Cochran, Howard Vance, Guy Floyd, and Leo Robert, individually and as Directors of Hoxie School District No. 46 of Lawrence County, Arkansas; and K. E. Vance, Plaintiffs,

v.

Herbert BREWER, Amis Guthridge, White America, Inc., a corporation organized and operating under the laws of the State of Arkansas; "Citizens Committee Representing Segregation in the Hoxie Schools", an unincorporated association; James D. Johnson, Curt Copeland, and "White Citizens Council of Arkansas", an unincorporated association, Defendants.

Civ. A. J-918.

United States District Court
E. D. Arkansas, Jonesboro Division.
Oct. 31, 1955.

James Sloan, III, Walnut Ridge, Ark., Edwin E. Dunaway, Little Rock, Ark., Penix & Penix, Jonesboro, Ark., for plaintiffs.

M. V. Moody, W. H. Gregory, Little Rock, Ark., for defendants.

TRIMBLE, Chief Judge.

The complaint in this case was filed on October 13, 1955. It was verified by the plaintiffs, who are school directors, and the superintendent of the school, of the plaintiff district. There were attached to the complaint the affidavits of Jewel Thorn, Raymond Saunches and K. E. Vance.

A temporary restraining order was issued on October 14, to expire at 10:00 a. m. on October 21, 1955, and it was ordered that the motion for preliminary injunction be set for hearing on October 20, 1955.

On October 20, 1955, defendant Amis Guthridge filed a motion to dismiss the complaint. Upon the filing of this motion the court continued in effect the temporary restraining order until October 31, 1955, and set that date as the date for a hearing on the motion as well as on the application for preliminary injunction.

Exhaustive briefs have been filed by counsel for plaintiff and defendant, and the court, after a careful study of the briefs and the authorities cited, has reached a decision as to whether or not the motion should be sustained.

The motion raises two questions: (1) whether the court has jurisdiction of the parties and the controversy, and (2) whether the complaint states a cause of action for injunction and declaratory judgment.

In considering both the question of jurisdiction and the sufficiency of the allegations of the complaint to state a cause of action the court is required to accept as true all of the allegations of the complaint.

### I.

The jurisdiction of the court is invoked pursuant to Title 28, United States Code Annotated, Section 1331, it being alleged that the action arises under the United States Constitution, Article VI, Clauses 2 and 3, Title 4, United States Code, Section 101; the Fourteenth Amendment to the Constitution of the United States; Article IV, Section 4 of the Constitution of the United States; Title 28, United States Code Annotated, Section 1343; Title 42, United States Code Annotated, Sections 1983, 1985(2) and 1988; and Title 18, United States Code Annotated, Sections 241 and 242.

Section 1331 of Title 28, United States Code Annotated, reads as follows:

"The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $3,000, exclusive of interest and costs, and arises under the Constitution, laws or treaties of the United States."

It would unduly extend this Memorandum to recite the allegations of the complaint which call into question the construction of the various provisions of the Acts of Congress and of the Constitution of the United States and which assert the violation of provisions of the Constitution and the laws of Congress.

Since the allegations of the complaint must be taken as true, it is obvious that this court does have jurisdiction of the cause of action, if one is stated in the complaint. Bell v. Hood, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939; Mosher v. City of Phoenix, 287 U.S. 29, 53 S.Ct. 67, 77 L.Ed. 148; The Fair v. Kohler Die & Specialty Co., 228 U.S. 22, 33 S.Ct. 410, 57 L.Ed. 716.

The court, therefore, holds that it does have jurisdiction.

### II.

The complaint, though not in violation of the rule against prolixity, is necessarily somewhat lengthy. For the purpose of this memorandum it may be stated, in brief, that the complaint alleges that the plaintiff Board of Directors, as the governing body of Hoxie

School District No. 46, in the performance of their duties as directors, made a determination that the District is ready to integrate the white and Negro school children of that District; that said plaintiffs have undertaken to put into effect this administrative finding and holding by opening the doors of the school to the children of both the white and Negro races; that the defendants by various acts have conspired together to obstruct the Board of Directors from carrying out its said finding and holding.

Further simplifying the issue, it may be said that the complaint in effect alleges that said Board of Directors have undertaken and are undertaking to conduct a school wherein no discrimination is made between the races in conformity to recent decisions of the Supreme Court of the United States and the provisions of the Constitution of the United States, without awaiting the repeal of the segregation statutes of the State of Arkansas; that the defendants by threats and efforts to intimidate the Board of Directors, by the circulation of propaganda literature and by inflammatory speeches, as well as by trespassing upon school property under jurisdiction of the plaintiffs, and by threatening to set up a picket line to obstruct ingress of children to the school, and by attempting to persuade childrens' parents to withdraw them from the schools, are endeavoring to hinder, obstruct and defeat plaintiffs' attempt to comply with federal law with regard to the operation of the school.

As stated, for the purpose of considering the motion, the court must accept the allegations of the complaint as true. The case so presented is almost the exact opposite of cases that have been considered by both state and federal courts in the nation. Other courts have had under consideration the question of whether or not Boards of Directors can be compelled to open their schools to Negro children where they are prohibited by state law to attend such schools. Here, however, the complaint alleges that the Board of Directors have determined that the schools should be opened to Negro pupils, but that the defendants are undertaking to prevent them from doing so.

It is alleged that the actions of the defendants have resulted and will result in losses to the School District of revenue amounting to more than the jurisdictional requirement of $3,000.

It is alleged that the defendants, in their efforts to inflame the patrons, have circulated petitions demanding that the School Board restore segregation or resign, and that one of the defendants has publicly declared that the Board's action in opening the school to Negro children was in violation of the segregation statutes of the State of Arkansas.

█ I shall not disclose what my own personal feelings are with respect to whether or not it would be wise or desirable that segregation of the races in the public schools of this state be enforced as provided by state laws that have been effective since 1875; however, it must be stated that there are now no valid segregation laws of the State of Arkansas, for they have, in effect, been declared unconstitutional and void by the Supreme Court of the United States. Brown v. Board of Education of Topeka, 349 U.S. 294, 75 S.Ct. 753.

The consequences of the decision of the Supreme Court of the United States in the case just cited are too well known to require discussion. In that case minors of the Negro race had sought aid of the courts in obtaining admission to public schools on a non-segregated basis. Previous to the rendition of the opinion in that case it had been held that the only requirement of federal statutes and the Federal Constitution was that the schools for white and Negro children should be of equal quality, but the Supreme Court in that case said:

"We conclude that in the field of public education the doctrine of 'separate but equal' has no place. Separate educational facilities are inherently unequal. Therefore, we

hold that the plaintiffs and others similarly situated for whom the actions have been brought are, by reason of the segregation complained of, deprived of the equal protection of the laws guaranteed by the Fourteenth Amendment." 347 U.S. 483, 495, 74 S.Ct. 686, 692.

The United States District Court of the Charleston Division, Eastern District of South Carolina had ruled upon this question and held that Negro children could not be admitted to schools on an integrated basis, provided that equal facilities were accorded the children of all races. See Briggs v. Elliott, D.C., 98 F.Supp. 529.

That decision was reversed by the Supreme Court in the Brown case, supra, and upon remand the United States District Court set forth clearly and succinctly just what is required to be done with respect to the subject of integration of the races in the school there involved. It specified:

"* * * that the provisions of the Constitution and laws of the State of South Carolina requiring segregation of the races in the public schools are null and void because violative of the Fourteenth Amendment to the Constitution of the United States, and that the defendants be and they are hereby restrained and enjoined from refusing on account of race to admit to any school under their supervision any child qualified to enter such school, from and after such time as they may have made the necessary arrangements for admission of children to such school on a non-discriminatory basis * * *."

Briggs v. Elliott. Decided by the Three Judge Court of the Eastern District of South Carolina, Charleston Division, July 15, 1955, 132 F.Supp. 776, 778.

So, it is seen that according to the allegations of the complaint in this case the defendants are seeking to compel the plaintiffs to do the very things which the school directors, defendants in the South Carolina case, were ordered not to do. I must, therefore, hold that the complaint does state a cause of action and that the motion to dismiss should be overruled.