**Paul A. ELBERTI et al., Appellees,**
v.
**Elvin H. KUNSMAN et al., Appellants.**
No. 16039.

United States Court of Appeals
Third Circuit.

Submitted March 20, 1967.

Decided April 26, 1967.

**568**

Goncer M. Krestal, Marvin Cominsky, Philadelphia, Pa. (Blank, Rudenko, Klaus & Rome, Philadelphia, Pa., on the brief), Joseph F. McCloskey, Pottsville, Pa., of counsel, for appellants.

George M. Brodhead, Philadelphia, Pa., for appellees.

Before STALEY, Chief Judge, and KALODNER and SMITH, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

This is a civil action in which the plaintiffs, seeking injunctive relief, challenged as contrary to law the selection of an interim operating committee chosen pursuant to statute to administer the affairs of a newly consolidated school district within Schuylkill County, Pennsylvania. PENNSYLVANIA SCHOOL REORGANIZATION ACT, 24 P.S. § 2–290, et seq., and particularly § 3–303.1. The challenge was predicated on the alleged grounds that the selection violated the said statute and the Fourteenth Amendment to the Constitution.

The jurisdiction of the district court was invoked under § 1343(3) of Title 28 U.S.C.A. The court below found that there was no "constitutional infirmity in the application of the" Act but held that the federal question was not "plainly wanting in substance." It retained jurisdiction of the action and after a trial on the merits entered judgment in favor of the plaintiffs on the claim based on state law.

The retention of jurisdiction of the claim based on state law may be sustained as proper only if the federal question was substantial. Levering & G. Co. v. Morrin, 289 U.S. 103, 105, 53 S.Ct. 549, 77 L.Ed. 1062 (1933); Mosher v. City of Phoenix, 287 U.S. 29, 30, 53 S.Ct. 67, 77 L.Ed. 148 (1932). The question must be determined "by the allegations of the [complaint], and not upon the facts as they may turn out or by a decision of the merits." Ibid. We are convinced from our examination of the complaint that the federal question was unsubstantial and frivolous.

The action will be remanded to the district court with a direction that it be dismissed for the lack of jurisdiction.