**BALLARD FISH & OYSTER COMPANY,
Inc., Appellant,**

v.

**GLASER CONSTRUCTION COMPANY,
Inc., and Commonwealth Natural Gas
Corporation, Appellees.**

No. 13636.

United States Court of Appeals,
Fourth Circuit.

Argued March 6, 1970.

Decided April 15, 1970.

◆

Robert R. MacMillan, Norfolk, Va. (E. Leslie Cox and Breeden, Howard & Mac-Millan, Norfolk, Va., on the brief), for appellant.

R. M. Hughes, III, Norfolk, Va. (Seawell, McCoy, Winston & Dalton, L. S. Parsons, and Parsons, Steffen & Moore, Norfolk, Va., on the brief), for appellees.

Before SOBELOFF, BOREMAN, and BUTZNER, Circuit Judges.

BUTZNER, Circuit Judge:

Ballard Fish and Oyster Co., Inc., brought this action against Glaser Construction Co., Inc., and Commonwealth Natural Gas Corporation for damages caused by laying a gas pipeline through Ballard's oyster bed in the James River. The district court granted the defendants' motion to dismiss the complaint for lack of jurisdiction on the ground that Ballard's complaint against Commonwealth did not present a federal question. We reverse.

Ballard's complaint contains two counts. The first, based on diversity of citizenship, is not at issue here. It charges that Glaser, a Louisiana corporation engaged by Commonwealth to construct the pipeline, negligently destroyed Ballard's oyster bed.

However, there is no diversity between Ballard and Commonwealth, so jurisdiction over Commonwealth depends on the existence of a federal question.[1] In the second count, Ballard alleges that the State of Virginia granted Commonwealth a certificate of convenience and necessity to lay and maintain a gas pipe-line across the James River and authorized Commonwealth as a public service corporation to exercise the state's power of eminent domain. Ballard charges Commonwealth's occupancy of its oyster bed, without instituting condemnation proceedings or obtaining an easement by grant, constituted an unlawful taking of private property without just compensation in violation of the Fourteenth Amendment.

It is now well settled that the due process clause of the Fourteenth Amendment denies a state, or any of its instrumentalities, the power to take private property for a public use without just compensation. Mosher v. City of Phoenix, 287 U.S. 29, 53 S.Ct. 67, 77 L.Ed. 148 (1932); Chicago, B. & Q. R.R. v. City of Chicago, 166 U.S. 226, 17 S.Ct. 581, 41 L.Ed. 979 (1897). Commonwealth is subject to this prohibition. Virginia law expressly grants Commonwealth, as a public service corporation, the power "[t]o acquire by the exercise of the right of eminent domain any lands * * * or interests therein * * * including lands under water * * * which are deemed necessary for the purposes of construction * * * of its lines * * * for its use in serving the public * * *." Va.Code Ann. § 56–49 (1969). And the Supreme Court of Appeals of Virginia has recognized that a public service corporation acts as an agent of the state when it exercises this delegated power. Alexandria & F. Ry. v. Alexandria & W. R.R., 75 Va. 780, 784 (1881). The fact that Commonwealth occupied Ballard's oyster beds without first acquiring an easement either through grant or by condemnation is irrelevant.[2] Its occupancy, though gained through misuse of the power the state granted it to acquire

1. Title 28 U.S.C. § 1331 provides in part:
    "(a) The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and arises under the Constitution, laws, or treaties of the United States."

2. Ballard concedes that it expressed a willingness for Commonwealth to cross its oyster grounds, but denies that it gave an easement or permit for Commonwealth to do so. The district judge accepted Ballard's averments and observed "there had been negotiations which have not met fruition."

easements, is nonetheless action taken under color of state law. Home Tel. & Tel. Co. v. City of Los Angeles, 227 U.S. 278, 287, 33 S.Ct. 312, 57 L.Ed. 510 (1913).

■ Furthermore, Commonwealth's occupancy of the oyster beds without acquiring an easement is not merely a simple trespass that raises no federal question. To the contrary, governmental action results in a taking of property "if its effects are so complete as to deprive the owner of all or most of his interest in the subject matter * *." United States v. General Motors Corp., 323 U.S. 373, 378, 65 S.Ct. 357, 359, 89 L.Ed. 311 (1945). Ballard alleges that construction of the pipeline totally destroyed its property by depositing mud, silt, and sludge on a 304 acre oyster bed containing 304,000 bushels of growing oysters and over two million bushels of oyster shells. Analogous cases support Ballard's contention that the destruction of its oyster bed constituted a taking of its property. E. g., United States v. Dickinson, 331 U.S. 745, 67 S.Ct. 1382, 91 L.Ed. 1789 (1947) (flooding and erosion of plaintiff's land) ; Coates v. United States, 93 F.Supp. 637, 117 Ct.Cl. 795 (1950) (deposit of sand on plaintiff's land); see generally Foster v. City of Detroit, 254 F.Supp. 655, 662 (E.D. Mich.1966), aff'd, 405 F.2d 138 (6th Cir. 1968). Because Commonwealth made no provision for paying Ballard just compensation—either by contract or by instituting condemnation proceedings —Ballard's claim raises a federal question, and the district court has jurisdiction. Mosher v. City of Phoenix, 287 U.S. 29, 53 S.Ct. 67, 77 L.Ed. 148 (1932) ; Cuyahoga River Power Co. v. City of Akron, 240 U.S. 462, 36 S.Ct. 402, 60 L.Ed. 743 (1916).

Commonwealth's reliance on Lang v. Colonial Pipeline Co., 266 F.Supp. 552 (E.D.Pa.), aff'd, 383 F.2d 986 (3rd Cir. 1967), is misplaced. There the landowner brought ejectment for the removal of a pipeline that allegedly was constructed for private—not public—use. A federal question involving exercise of the power of eminent domain, the court ruled, would arise only as a defense or in anticipation of a defense to the action for ejectment. Consequently, the case was dismissed under familiar, but oft criticized, principles that deny jurisdiction when the federal question arises only in this manner. See Wright, Federal Courts § 18 (2d ed. 1970). Here, in contrast, Ballard squarely raised the federal question by pleading a cause of action based on the Fourteenth Amendment.

■ Commonwealth also suggests that Ballard should be required to seek a remedy in the state courts under Virginia's constitutional prohibition against taking property for a public use without just compensation.[3] But here, as is generally the case "[b]arring only exceptional circumstances * * * or explicit statutory requirements," Ballard is not required to exhaust state judicial remedies. Lane v. Wilson, 307 U.S. 268, 274, 59 S.Ct. 872, 83 L.Ed. 1281 (1939) ; Foster v. City of Detroit, 405 F.2d 138, 144 (6th Cir. 1968). This is not to say, however, that every exercise of a state's power of eminent domain is a fit subject for federal jurisdiction. For when the state, or its representative, has instituted proceedings under statutes calculated to ascertain and award just compensation, due process is satisfied and no federal question arises. Dohany v. Rogers, 281 U.S. 362, 366, 50 S.Ct. 299, 74 L.Ed. 904 (1930).

The judgment of the district court is reversed, and this case is remanded for further proceedings consistent with this opinion.

---

3. The Constitution of Virginia provides in part, "no person shall be deprived of his property without due process of law" [art. I, § 11] and the General Assembly "shall not enact any law whereby private property shall be taken or damaged for public uses, without just compensation" [art. IV, § 58].