LOCAL UNION NO. 300, AMALGAMATED MEAT CUTTERS & BUTCHER WORKMEN OF NORTH AMERICA, AFL-CIO, et al., Plaintiffs-Appellants,

v.

Frank W. McCULLOCH, Etc., et al., Defendants-Appellees, South Coast Corporations et al., Intervenors-Appellees.

No. 27245
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

June 19, 1970.

Richard B. Sobol, Washington, D. C., James E. Youngdahl, Little Rock, Ark., Alexander H. Schullman, Beverly Hills, Cal., Robert Collins, Collins, Douglas & Elie, New Orleans, La., for plaintiffs-appellants.

Marcel Mallet-Prevost, Asst. Gen. Counsel, N.L.R.B., Washington, D. C., Charles M. Paschal, Jr., Regional Atty., N.L.R.B., Lawrence J. Molony, Fred Kullman, Jr., Michael Molony, New Orleans, La., Theophil C. Kammholz, Chicago, Ill., Paul G. Borron, Jr., Plaquemine, La., for appellees.

Before JOHN R. BROWN, Chief Judge and THORNBERRY and MORGAN, Circuit Judges.

JOHN R. BROWN, Chief Judge:

The exclusion of farm workers from coverage under the NLRA, 29 U.S.C.A. §

151 et seq., is challenged here by the plaintiff Union. The challenge is both statutory and constitutional. The arguments are twofold. First, that workers, such as those who are members of this Union, who work on a permanent basis on large mechanized farms are not "agricultural laborers" within the meaning of the Act. Second, the failure of Congress to include such agricultural workers under the Act deprives them of equal protection. The constitutional claim is presented in the framework of determining whether the equal-protection argument presents a "substantial federal question" so that the convening of a three-judge court is required under 28 U.S.C.A. § 2282. We reject the statutory challenge and affirm the District Court's dismissal of that claim. We find, however, a "substantial federal question" in the plaintiff Union's constitutional challenge and reverse and remand with instructions to request a three-judge court.

## I.

This challenge arose from the attempts of the Union to organize various permanent employees of the South Coast Corporation, a large mechanized Southern Louisiana sugar cane grower and processor. The Union petitioned the Board to invoke the procedures of the Act to make the representation a reality.

The Board declined to process the Petition on the grounds that the workers organized by the Union were agricultural laborers and thus not "employees" entitled to the protection of the Act, 29 U.S.C.A. § 152(3).[1]

After exhaustion of whatever remedies are available within the Board, the Union brought this action in the District Court. It claimed that (i) the workers are not in fact agricultural laborers and (ii) that if they are agricultural laborers, the exclusion of them by Congress from the National Labor Relations Act constituted a capricious and arbitrary classification that deprived agricultural workers of equal protection of the law. The complaint sought declaratory and injunctive relief, and it also sought the convening of a three-judge court pursuant to 28 U.S.C.A. §§ 2282–2284.

[1] The District Court refused to grant any relief and after a hearing dismissed the complaint as failing to allege a "substantial federal question." The plaintiff Union sought relief from this Court.[2]

## II.

■ The Union's contention, obviously one for a one-judge court, that these workers do not come within the statutory exemption of agricultural workers can be dealt with quickly. The argu-

---

1. "The term 'employee' shall include any employee, and shall not be limited to the employees of a particular employer, unless this subchapter explicitly states otherwise, and shall include any individual whose work has ceased as a consequence of, or in connection with, any current labor dispute or because of any unfair labor practice, and who has not obtained any other regular and substantially equivalent employment, but shall not include any individual employed as an agricultural laborer, or in the domestic service of any family or person at his home, or any individual employed by his parent or spouse, or any individual having the status of an independent contractor, or any individual employed as a supervisor, or any individual employed by an employer subject to the Railway Labor Act, as amended from time to time, or by any other person who is not an employer as herein defined."
29 U.S.C.A. § 152(3).

2. The case came before us on the Union's motion for summary reversal, followed by counter motions for summary affirmance. The Court on its own called for full briefs on the merits. Thereafter, pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the Clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir., 1969, 409 F.2d 804, Part I; Huth v. Southern Pacific Co., 5 Cir., 1969, 417 F.2d 526, Part I.

ment relies both on doctrines of construction—ejusden genesis—and purported legislative intent to show that the agricultural workers referred to in the statute (see note 1, *supra*) are not those that work for large mechanized farms. The Union contends that only those employees of the family farm are excluded. They are the only ones with characteristics like domestic servants and persons employed by their family, some of the other groups excluded from the definition of employees, and they are the only ones that have different relationships to the employer like that of an independent contractor or supervisor, others not covered by the definition.

■ Perhaps unwilling to legislate directly in the resolution of pressurized demands from competing forces and policies, the Congress has achieved its purpose more obliquely. Since 1946 Congress has regularly added to the annual appropriations for the Board a rider that provides that none of the Board's funds "shall be * * * used in connection with investigations, hearings, directions, or orders concerning bargaining units composed of agricultural laborers * * * as defined in Section 3(f)" [3] of Fair Labor Standards Act of 1938, 29 U.S.C.A. § 203(f).[4] And the definitional exclusion of agricultural laborers under the FLSA has consistently been held to apply to large as well as small farms. Maneja v. Waialua Agriculture Co., Ltd., 1955, 349 U.S. 254, 75 S.Ct. 719, 99 L.Ed. 1040; Wirtz v. Osceola Farms Co., 5 Cir., 1967, 372 F.2d 584. See also NLRB v. Monterey County Building & Construction Trades Council, 9 Cir., 1964, 335 F.2d 927, cert. denied, 380 U.S. 913, 85 S.Ct. 899, 13 L.Ed.2d 799. Moreover, this Court has clearly held that the agricultural exemption of the NLRA "is not measured by the magnitude of [the farmer's] planting nor in the prolificacy of his harvest." NLRB v. John W. Campbell, Inc., 5 Cir., 1947, 159 F.2d 184, 187. And thus it is clear that the Union's statutory attack fails on the merits.[5]

### III.

■■ The administrative difficulties growing out of the awkward one-step, two-step three-judge court statutes, 28 U.S.C.A. § 2282–84, are, of course, the function of the "basic question that never goes away: Is this a case for a one-judge or three-judge court?" Mayhue's Super Liquor Stores, Inc. v. Meiklejohn, 5 Cir., 1970, 426 F.2d 142, 144. Our attempts to answer that "basic question" must always begin by returning to the two elements of the "substantiality" test set out in Ex parte Poresky, 1933, 290 U.S. 30, 32, 54 S.Ct. 3, 4, 78 L.Ed. 152, 153.[6] As *Poresky* frames it, the

---

3. NLRB v. Kelly Bros. Nurseries, Inc., 2 Cir., 1965, 341 F.2d 433, 435.

4. Section 3(f) provides:
    "Agriculture" includes farming in all its branches and among other things includes the cultivation and tillage of the soil, dairying, the production, cultivation, growing, and harvesting of any agricultural or horticultural commodities (including commodities defined as agricultural commodities in section 1141 (g) of Title 12), the raising of livestock, bees, fur-bearing animals, or poultry, and any practices (including any forestry or lumbering operations) performed by a farmer or on a farm as an incident to or in conjunction with such farming operations, including preparation for market, delivery to storage or to market or to carriers for transportation to market."
    29 U.S.C.A. § 203(f).

5. In the peculiar posture of this case, we prefer to rest affirmance on the merits rather than on the jurisdictional issue even though the doubt is substantial whether there has been final order reviewable under Section 10 of the Act, the absence of which would leave this Court without jurisdiction to pass on the accuracy of the Board's construction of the statute. Boire v. Greyhound Corp., 1964, 376 U.S. 473, 84 S.Ct. 894, 11 L. Ed.2d 849; Groendyke Transport Inc. v. Davis, 5 Cir., 1969, 406 F.2d 1158.

6. "The existence of a substantial question of constitutionality must be deter-

claim is insubstantial if (i) "it is obviously without merit" or (ii) its unsoundness is foreclosed by previous decisions (probably of the Supreme Court).

Returning to those elements, here it is clear that the plaintiff Union's constitutional challenge clearly is not insubstantial because of (ii) since no case—Supreme Court, Court of Appeals, District Court, or otherwise—has yet decided much less passed upon this claim of classification. And, as is often the case on today's dynamic standards, a finding on the pleadings [7] (see note 6, *supra*) that (i) is met is difficult. Hargrave v. McKinney, 5 Cir., 1969, 413 F.2d 320. See also Comment, Developments in the Law—Equal Protection, 82 Harv.L.Rev. 1065 (1969).

■■ In this case that finding is especially difficult because inherent in a challenge to a statutory classification as being a violation of the Fifth Amendment's due process clause,[8] especially on equal protection grounds, is a determination whether the classification or discrimination was reasonable. That determination must take into account the factors deemed to have legislative significance perhaps in terms of the time of enactment and in terms of subsequent legislative and operational history. And even though the examination is to be made in light of the extremely wide discretion given to Congress, especially in matters of economic regulation, Currin

v. Wallace, 1939, 306 U.S. 1, 59 S.Ct. 379, 83 L.Ed. 441, and the principle that there "is no requirement of equal protection that all evils of the same genus be irradicated or none at all," Railway Exp. Agency v. New York, 1949, 336 U.S. 106, 69 S.Ct. 463, 93 L.Ed. 533, such an examination cannot often be made on the basis of the pleadings alone.

■ Without intimating in any way the ultimate decision required on the merits, the attack here cannot be regarded as insubstantial because of (i). Although historically Congress has always distinguished agriculture and this may go a long way toward sustaining the classifications here, the long and involved legislative controversy over regulation of agricultural labor reflects that it is not necessarily one sided or free from possible deficiencies. See Morris, Agricultural Labor and National Labor Legislation, 54 Calif.L.Rev. 1939 (1966); Note, The Constitutionality of the NLRA Farm Labor Exemption, 19 Hastings L. J. 384 (1968); Note, Agricultural Labor Relations, 14 Stanford L.Rev. 120 (1961).

Thus the criteria for a three-judge court have been met. Wetherington v. Adams, 5 Cir., 1969, 406 F.2d 724. The case is reversed and remanded with instructions to request the convening of a three-judge court by the Chief Judge of this Circuit.

Reversed and remanded.

---

mined by the allegations of the bill of complaint. Mosher v. City of Phoenix, 287 U.S. 29, 30, 53 S.Ct. 67, 77 L.Ed. 148; Levering & Garrigues Co. v. Morrin, 289 U.S. 103, 105, 53 S.Ct. 549, 550, 77 L.Ed. 1062. The question may be plainly unsubstantial, either because it is 'obviously without merit' or because 'its unsoundness so clearly results from the previous decisions of this court as to foreclose the subject and leave no room for the inference that the question sought to be raised can be the subject of controversy.' "
Ex parte Poresky, 1933, 290 U.S. 30, 32, 54 S.Ct. 3, 4, 78 L.Ed. 152, 153. See also Idlewild Bon Voyage Liquor Corp. v. Epstein, 1962, 370 U.S. 713, 82 S.Ct. 1294, 8 L.Ed.2d 794.

7. The liberal standards of Conley v. Gibson, 1957, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80, are as applicable to pleadings in three-judge court cases as in other situations, Hargrave v. McKinney, 5 Cir., 1969, 413 F.2d 320, 324.

8. There is, of course, on "equal protection" clause directly applicable to the Federal Government. The concept of "equal protection" is, however, applicable to congressional discrimination "so unjustifiable as to be violative of due process." Bolling v. Sharpe, 1954, 347 U.S. 497, 498, 499, 74 S.Ct. 693, 694, 98 L.Ed. 884, 886; Schneider v. Rusk, 1964, 377 U.S. 163, 84 S.Ct. 1187, 12 L.Ed.2d 218.