582 F.2d 315
 William H. RODGERS, and Kathleen Rodgers, Appellants,
v.
William H. TOLSON, Herbert O. Kaufman, F. Dudley Benton,
Johnathan M. Hodgson, Individually and comprising
the Town Commissioners of Centreville,
Maryland, Appellees.
 No. 77-1454.
 United States Court of Appeals,
Fourth Circuit.
 Argued May 3, 1978.
Decided Aug. 17, 1978.
 
 Gordon W. Priest, Jr., Baltimore, Md. (Peter Parker, White, Page & Lentz, Baltimore, Md., on brief), for appellants.
 James D. Wright, Baltimore, Md. (John T. Clark, III, Centreville, Md., on brief), for appellees.
 Before WINTER, BUTZNER, and HALL, Circuit Judges.
 BUTZNER, Circuit Judge:
 
 
 1
 William H. Rodgers and Kathleen Rodgers appeal from the district court's order dismissing their complaint brought pursuant to 42 U.S.C. §§ 1983 and 1985. We affirm in part, vacate in part, and remand.
 
 
 2
 * The Rodgers allege that the town commissioners of Centreville, Maryland, deprived them of equal protection of the law and took their property without due process of law. These allegations arise from the town's installation of a sewerage system which crosses their property. They complain that the town charged them for a 241.55 foot section of sewer installed across the northwest side of their property which is "of absolutely no individual benefit to (them)" because it "serv(es) only an engineering design function" and that the line "was installed at the direction of (the commissioners) without a conveyance from (the Rodgers) of an easement or the condemnation of a right of way." According to the complaint, the commissioners took these actions "in calculated bad faith" and "in retaliation" for William Rodgers's "outspoken . . . criticisms of the manner in which the town of Centreville and Queen Anne's County are governed."
 
 
 3
 The Rodgers hooked up to the sewer and paid the fee for all of the line installed on their property except the disputed section on the northwest side. On June 1, 1976, the Rodgers received notice that their property would be advertised for sale to satisfy this debt. Shortly thereafter they brought this action.
 
 II
 
 4
 We affirm the district court's dismissal of the § 1985(3) claim. That section reaches only class-based discrimination. Griffin v. Breckenridge,403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971). The Rodgers argue that their complaint indicates that they are members of a class consisting of "those who are in political and philosophical opposition to (the commissioners), and who are, in addition, outspoken in their criticism of the (commissioners') political and governmental attitudes and activities." We conclude, however, that these allegations do not define a cognizable class and that the § 1985(3) count was subject to dismissal for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6).
 
 
 5
 In Griffin v. Breckenridge, 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971), the Supreme Court held that one of the elements of a cause of action founded on § 1985(3) is "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." The Court explicitly reserved the question of whether § 1985(3) embraces conspiracies motivated by non-racial discriminatory intent. 403 U.S. at 102 n.9, 91 S.Ct. 1790. This court also has not decided whether § 1985(3) reaches beyond racial discrimination. See Doski v. M. Goldseker Co., 539 F.2d 1326 (4th Cir. 1976); Hughes v. Ranger Fuel Corp., 467 F.2d 6 (4th Cir. 1972). The Rodgers note, however, that other courts of appeals have extended § 1985(3) beyond action that was animated by racial discrimination. They rely on Cameron v. Brock, 473 F.2d 608, 610 (6th Cir. 1973), which holds that § 1985(3) "reaches clearly defined classes, such as supporters of a political candidate." Accord Means v. Wilson, 522 F.2d 833 (8th Cir. 1975); Glasson v. City of Louisville, 518 F.2d 899, 912 (6th Cir. 1975).
 
 
 6
 But we need not define the bounds of § 1985(3). Assuming without deciding that it is not limited to racial discrimination, we conclude that it does not encompass the class asserted by the Rodgers. All of the decisions recognizing non-racial classes have involved identifiable groups of which the plaintiffs were members. In contrast, the Rodgers define their class in vague and amorphous terms such as "political and philosophical opposition" and "outspoken criticism." These terms describe the Rodgers' attitude toward the commissioners but do not define a larger group that could be objectively identified by an observer. It is impossible to determine who besides the Rodgers belong to this class; indeed, the Rodgers cannot identify any other members. Consequently, we conclude that the Rodgers' complaint does not allege class-based discrimination. Cf., Bricker v. Crane, 468 F.2d 1228, 1232-33 (1st Cir. 1972); Jacobson v. Industrial Foundation of the Permian Basin, 456 F.2d 258, 259 (5th Cir. 1972).
 
 
 7
 We therefore affirm the district court's dismissal of the § 1985(3) claim. Because the Rodgers' complaint against F. Dudley Benton was based exclusively on § 1985(3), we also affirm the district court's dismissal of the suit with respect to him.
 
 III
 
 8
 The district court also dismissed the Rodgers' § 1983 claim, apparently both for lack of federal jurisdiction and for failure to state a claim upon which relief can be granted. We believe that this claim should not have been dismissed. In Bell v. Hood, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946), the Supreme Court declared that federal courts must assume jurisdiction over actions "seek(ing) recovery directly under the Constitution or laws of the United States." 327 U.S. at 681, 66 S.Ct. at 776. There are two essential elements of a § 1983 claim. First, the plaintiff must show that the defendant deprived him of a right secured by the Constitution and laws of the United States; and second, that the defendant acted under color of state law. Adickes v. Kress & Co., 398 U.S. 144, 150, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).
 
 
 9
 In this case, the Rodgers allege that the commissioners utilized the power conferred on them by state statutes and town ordinances to take the challenged actions. Hence, the complaint satisfies the "color of state law" element. See Monroe v. Pape, 365 U.S. 167, 171-87, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961).
 
 
 10
 The Rodgers assert that the commissioners ran a sewer line across their property without obtaining a right of way by either conveyance or condemnation. It is now well established that the due process clause of the fourteenth amendment requires a state or its instrumentality to pay just compensation when it takes private property for a public purpose. Chicago, Burlington & Quincy Railroad Co. v. Chicago, 166 U.S. 226, 17 S.Ct. 581, 41 L.Ed. 979 (1897). Consequently, the Rodgers' allegation that the commission took their property in violation of the due process clause raises a federal question. Mosher v. Phoenix, 287 U.S. 29, 53 S.Ct. 67, 77 L.Ed. 148 (1932); Ballard Fish & Oyster Co. v. Glaser Construction Co., 424 F.2d 473, 475 (4th Cir. 1970).
 
 
 11
 The Rodgers also allege that the commissioners assessed them for a section of the sewer that served only an engineering design function and was of no individual benefit to their property. According to the complaint, all other residents were assessed only for the portion of the sewer line that directly benefited their property. The Rodgers charge that this discriminatory assessment was imposed on them because of Rodgers's criticism of the commissioners and that it denied them the equal protection of the laws.
 
 
 12
 Neither a mere error of judgment on the part of tax officials nor a routine complaint about the accuracy of an assessment states a federal cause of action. To obtain relief a taxpayer must establish intentional and arbitrary discrimination. See Sunday Lake Iron Co. v. Wakefield, 247 U.S. 350, 352-53, 38 S.Ct. 495, 62 L.Ed. 1154 (1918); Southland Mall, Inc. v. Garner, 455 F.2d 887, 889-90 (6th Cir. 1972). Tested by this principle, the Rodgers' allegations raise a federal question because they sufficiently charge a violation of the equal protection clause of the fourteenth amendment.
 
 
 13
 The commissioners contend that Wood v. Strickland, 420 U.S. 308, 95 S.Ct. 992, 43 L.Ed.2d 214 (1975), supports dismissal of this action. That case extended a qualified immunity to school board officials acting in good faith. Other cases have applied this defense to a broad range of state officials. See Scheuer v. Rhodes, 416 U.S. 232, 241-49, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). In some cases good faith may appear from the face of the complaint, but in this case, as in most, it does not. The Rodgers allege that the commissioners acted "in calculated bad faith" and "in retaliation" for Rodgers's criticism of them. Therefore, the defense of qualified immunity affords no basis for summarily dismissing the complaint.
 
 
 14
 In sum, accepting the truth of the Rodgers' allegations as we must at this stage of the proceedings we conclude that they have sufficiently alleged a cause of action under § 1983 for violations of the equal protection and due process clauses of the fourteenth amendment. We therefore hold that their complaint should not have been dismissed either for lack of federal jurisdiction or for failure to state a claim founded on § 1983. Accordingly, we vacate the district court's order dismissing this aspect of the case and remand for further proceedings consistent with this opinion. Each party shall bear its own costs.
 
 
 15
 Affirmed in part.
 
 
 16
 Vacated and remanded in part.
 
 K. K. HALL, Circuit Judge, concurring:
 
 17
 I join in the majority opinion because I think the law mandates its result. But in concurrence I must note plaintiffs state in their complaint that the constitutional deprivations they suffered have been effectuated primarily by the design of a loop in a town sewage system which they admit serves an engineering design function but which inflicts upon them a high sewage assessment. Such an allegation indicates that the underlying dispute concerns the reasonableness of town sewer charges and, therefore, is one which should be settled in state court.