### 40825. McCLINTOCK v. WELLINGTON TRADE, INC.

Sмıтн, Justice.

Robert McClintock appeals from an order of the Superior Court of Habersham County granting Wellington Trade, Inc., d/b/a Containerhouse, a writ of possession for sixteen containers located in Habersham County. McClintock attacks the constitutionality of OCGA § 44-14-231 et seq. (Code Ann. § 67-702 et seq.). We affirm.

McClintock and Containerhouse entered into a purchase and security agreement under which McClintock was to purchase 100 containers from Containerhouse in return for three notes. The containers were to be used in a mini-warehouse storage facility. McClintock defaulted on the first note to come due. Six months after default Containerhouse filed a petition in Habersham Superior Court seeking possession of the sixteen containers already delivered under the agreement. See OCGA § 44-14-231 (Code Ann. § 67-702). The verified petition alleged that McClintock was a resident of Fulton County; he had accepted delivery of sixteen containers; the containers were located in Habersham County; and that he had defaulted on the notes secured by the containers. At the hearing, the trial judge found that McClintock's answer raised no issues of fact for a jury and granted the writ to Containerhouse.

1. Appellant contends that the Code section providing a secured party an option of seeking a writ of possession in either "the county where the debtor may reside or where the secured property is located," OCGA § 44-14-231 (Code Ann. § 67-702), denied him his constitutional right under Art. VI, Sec. II, Par. VI of the 1983 Constitution of Georgia (Code Ann. § 2-2806) to defend a civil action against him in the county of his residence. We cannot agree.

The constitutional venue provision relied on by appellant has been construed to apply only to civil actions in which a judgment in personam may be recovered. See *Wilson v. Healey Real Estate &c. Co.,* 203 Ga. 52 (45 SE2d 656) (1947); *Moss v. Strickland,* 138 Ga. 539(2) (75 SE 622) (1912). The proceeding authorized by OCGA § 44-14-231 (Code Ann. § 67-702) does not provide for recovery of a personal judgment. *Spencer v. Taylor,* 144 Ga. App. 641 (242 SE2d 308) (1978). Therefore, this was not a "civil action" within the

meaning of the constitutional provision, and venue was proper in Habersham County, where the secured property was located.

2. Appellant's contention that he was denied his constitutional right to procedural due process is also without merit.

It is the seizure of property without reasonable notice and a prior hearing that has been condemned in previous cases. See *Fuentes v. Shevin,* 407 U. S. 67 (92 SC 1983, 32 LE2d 556) (1972). Here, having been provided adequate notice, appellant filed an answer and appeared through his attorney at the hearing. This is all that due process requires. *Dept. of Transp. v. Del-Cook Timber Co.,* 248 Ga. 734 (4) (285 SE2d 913) (1982).

3. Appellant further contends that appellee's verified petition was defective in that it was not accompanied by a separate affidavit. We find no error.

OCGA § 44-14-231 (Code Ann. § 67-702) requires a party petitioning for a writ of possession to submit "a statement of the facts under oath." Appellee's written petition was sworn to and signed by Tom Sikes, president of Containerhouse. The jurat of the trial court judge was affixed. This is all that is necessary under the statute. See *Loeb v. Smith Bros. & Co.,* 78 Ga. 504 (1) (3 SE 458) (1887); *Miller v. Caraker,* 9 Ga. App. 255 (2) (71 SE 9) (1911).

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 16, 1984.

*Swift, Currie, McGhee & Hiers, A. L. Mullins, Jr., John P. MacNaughton, C. David Hailey,* for appellant.
*Adams, Ellard & Frankum, Stephen D. Frankum,* for appellee.