## NOVASTAR MORTGAGE, INC., Plaintiff,

### v.

## Robert BENNETT and Cheryl B. Young, Defendants.

## No. 1:01–CV–2163–CAP.

United States District Court,
N.D. Georgia,
Atlanta Division.

Nov. 5, 2001.

J. Steve Cheatwood, Germano Kimmey & Cheatwood, Atlanta, GA, for plaintiff.

Robert Bennett, Suwanee, GA, pro se.

Cheryl B. Young, Suwanee, GA, pro se.

## ORDER

PANNELL, District Judge.

This action, seeking a dispossessory warrant, was originally filed in the Magistrate Court of Gwinnett County, Georgia. The defendants removed, asserting both federal question and diversity jurisdiction. Since neither exists in this case, the plaintiff's motion for remand [Doc. No. 2–1] is **GRANTED**, and this action is **REMANDED** to the Magistrate Court of Gwinnett County, Georgia. Further, the plaintiff's motion for costs and expenses (including attorney's fees) associated with obtaining this remand [Doc. No. 2–2] is **GRANTED** pursuant to 28 U.S.C. § 1447(c).

### I. *FACTUAL BACKGROUND* [1]

The plaintiff foreclosed on what was previously the defendants' property on May 1, 2001. The foreclosure was executed pursuant to a security deed which was given by the defendants to the plaintiff in March of 1998. Accordingly, on May 1, 2001, the plaintiff became the legal owner of the property while the defendants remained in possession as tenants at sufferance. On July 18, 2001, the plaintiff filed a summary dispossessory action against the defendants in the Magistrate Court of Gwinnett County, Georgia.[2] The summary dispossessory action provided for in Georgia law is essentially an action in ejectment where the owner of real property seeks equitable assistance from the courts to gain possession of real property. On August 13, 2001, on the date this matter was set for trial in Magistrate Court, the defendants, pro se, filed their notice of removal in this court. This procedural maneuver has allowed the defendants to remain in possession of the property while avoiding payment of certain sums of money they would be required to pay into court pending the resolution of the dispossessory proceeding had the matter not been removed.

### II. *LEGAL ANALYSIS*

Civil actions brought in state courts of which the federal courts have original jur-

---

**1.** The facts stated here are primarily for background understanding. Because there has been no discovery or further proceedings, the court does not set out these "facts" as conclusive findings except where specifically noted.

**2.** Title 44, Chapter 7, Article 3 of the Official Code of Georgia governs such proceedings. *See* O.C.G.A. § 44–7–50 et seq.

isdiction may be removed by the defendant to a proper district court of the United States. 28 U.S.C. § 1441(a). There are two types of cases within the original jurisdiction of this court. Cases are properly removed based on either the presence of a federal cause of action (federal question jurisdiction) or the satisfaction of the requirements of 28 U.S.C. § 1332 (diversity jurisdiction). The defendants here assert both federal question and diversity jurisdiction as supporting removal. They are incorrect on both counts.

## A.   *Federal Question Jurisdiction*

■  The defendants broadly assert that the courts of the state of Georgia are collectively depriving them of what they perceive to be statutory and Constitutional rights. Moreover, the defendants assert that the alleged deprivation affects them as member of a distinct class. Apparently, the defendants wish to challenge the procedure and outcome of the foreclosure proceedings and the plaintiff's resulting title. The defendants believe that the foreclosure proceedings initiated by the plaintiff were wrongful. Not surprisingly, the defendants read the laws of the State of Georgia as giving them the right to challenge those foreclosure proceedings in a dispossessory action. The defendants' interpretation of state law differs from the interpretation by the courts of Georgia regarding the availability of certain claims and defenses.

Unfortunately for the defendants, this does not a federal question make. Georgia courts interpret Georgia law. Unless that interpretation violates federal law, the federal courts have no basis to review the interpretation of the state courts. Here, the defendants have simply alleged that they will not be able to assert certain claims and defenses in the state court proceeding due to the existing case law in the Georgia courts. This is not a matter for the federal courts. Instead, it is a matter for the State of Georgia.

Under Georgia law, the resolution of the foreclosure proceeding is conclusive as to the questions the defendants now wish to raise. None of these claims or defenses is predicated on federal law, and the defendants have not demonstrated that any of the interpretations of the Georgia courts violates any federal law. The sweeping allegations of the defendants notwithstanding, there is no evidence of any Equal Protection or Due Process violation in the laws of Georgia at issue here. Therefore, there is no federal question on which the defendants can base their removal.

## B.   *Diversity Jurisdiction*

■  The defendants also assert that removal is proper pursuant to 28 U.S.C. § 1332. Assuming without deciding that all other elements of diversity jurisdiction were present[3], the court finds that the amount in controversy in this matter does not exceed $75,000.00. Accordingly, 28 U.S.C. § 1332 cannot serve as a basis for removal.

■  The true question presented is whether the plaintiff could properly file this complaint in federal court. Therefore, the court must look to the plaintiff's claim to determine whether removal was appropriate. *See Burns v. Windsor Ins. Co.*, 31

---

**3.**  Because all indications show that the defendants are citizens of Georgia, there are serious questions regarding this assumption. *See Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1556 (11th Cir.1989)(Noting an additional caveat in [removed] diversity actions that no proper defendant can be a citizen of the State in which the action is brought); *and see* 28 U.S.C. § 1441(b). Nevertheless, because the court finds the requirements of diversity jurisdiction otherwise lacking, the court need not explore this apparent flaw in the removal.

F.3d 1092, 1095 (11th Cir.1994). Further, because this case was originally filed in state court and removed to federal court by the defendants, the defendants bear the burden of proving that federal jurisdiction exists. *See Williams v. Best Buy Company, Inc.,* 269 F.3d 1316, 1319 (11th Cir. 2001); *and see Kirkland v. Midland Mortgage Co.,* 243 F.3d 1277, 1281 n. 5 (11th Cir.2001). Moreover, because the plaintiff has not pled a specific amount of damages, the defendants must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. *Id.; and see Williams* at 1319. Here, because the plaintiff sought only equitable relief, the amount in controversy is measured by the value of the object of the litigation from the point of view of the plaintiff. *See Ericsson GE Mobile Communications, Inc. v. Motorola Communications & Electronics, Inc.,* 120 F.3d 216, 218–219 (11th Cir.1997)[4]. Therefore, in order to support diversity jurisdiction, the defendants must prove by a preponderance of the evidence that the value of the right the plaintiff seeks to enforce exceeds the jurisdictional amount.

■ The defendants simply allege that the amount in controversy exceeds the jurisdictional amount and also point to their counter claim as supporting jurisdiction. Conclusory allegations that the jurisdictional amount in controversy requirement is satisfied, however, are not sufficient to carry the defendants' burden. *See Burns,* 31 F.3d at 1097; *and see Williams,* at 1320 ("A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden."). Furthermore, "the status of the case *as disclosed by the plaintiff's complaint* is controlling in the case of a removal." *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 291, 58 S.Ct. 586, 591, 82 L.Ed. 845 (1938)(emphasis added). Therefore, the claims asserted by the defendant are not to be considered when determining the propriety of removal and "if, upon the face of the complaint, it is obvious that the suit cannot involve the necessary amount, removal will be futile and remand will follow." *Id.* at 292, 58 S.Ct. at 591–92. It is beyond dispute, therefore, that removal is permissible only when the plaintiff's claim could have been filed in federal court, and the court must look only to the plaintiff's claim as a basis for federal jurisdiction. *See Burns,* 31 F.3d at 1095; *and see Caterpillar, Inc. v. Williams,* 482 U.S. 386, 391, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (the plaintiff is "the master of the claim").

Here, the plaintiff's claim is nothing more than a request for possession of real property belonging to the plaintiff. The action seeks equitable relief that cannot easily be measured in pecuniary terms. The court is not aware of any court placing a fiscal value on an action in ejectment. This action, like all forms of equitable relief, is by definition designed to correct situations where legal (monetary) relief is insufficient. The amount claimed by the plaintiff cannot be measured by the value of the underlying land because, legally, the defendants have no claim to that property for purposes of this action. This is not an ownership dispute; it is a possession dispute.

This court finds that the value of the equitable benefit sought by the plaintiff in this action does not exceed $75,000.00. Further, this court holds, as a matter of law, that a claim seeking only ejectment in

---

4. "It is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Advertising Comm'n.,* 432 U.S. 333, 345, 97 S.Ct. 2434, 2443, 53 L.Ed.2d 383 (1977).

a dispossessory action cannot be reduced to a monetary sum for purposes of determining the amount in controversy. Therefore, because the defendant cannot reduce the benefit sought to a monetary sum, "there is no pecuniary amount in controversy." *Texas Acorn v. Texas Area 5 Health Systems Agency, Inc.*, 559 F.2d 1019, 1023–1024 (5th Cir.1977); *see also Ericsson*, 120 F.3d at 221–22. Absent any measurable amount in controversy, the requirements of 28 U.S.C. § 1332 cannot be satisfied. Accordingly, this court lacks original jurisdiction over this case and removal was, therefore, improper.

### C. *Imposition of Costs and Actual Expenses Incurred as a Result of the Removal*

■ Whenever it appears that the district court lacks subject matter jurisdiction over a removed case, the court shall remand the case and "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The plaintiff has moved the court to invoke the provisions of Section 1447(c). The court is inclined to do so. The court notes that the imposition of costs is not intended to punish the defendants or enrich the plaintiff. Rather, the purpose is to compensate the plaintiff for the actual and reasonable expenses incurred in order to obtain a remand of an improperly removed case.

The court has carefully reviewed and considered the affidavit of the plaintiff's counsel regarding the attorney's fees incurred in achieving this remand. The court finds that three and one half hours is a reasonable amount of time to prepare an acceptable motion for remand in this case.

The court find that three and one half hours was actually spent by the plaintiff's counsel in preparing the plaintiff's motion for remand and that the plaintiff will actually bear the expense of that effort. The court finds that $175.00 is a reasonable and customary hourly rate for adequate and comparable legal assistance in Gwinnett County, Georgia and that the actual billed rate by the plaintiff's counsel was $175.00. Therefore, the court assesses the actual and reasonable attorney's fees incurred by the plaintiff in obtaining this remand at $525.00 [5]. Moreover, the clerk will tax all costs incurred in this court to the defendants who improperly removed this case.

### III. *CONCLUSION*

Removal pursuant to 28 U.S.C. § 1441 was improper. There is no federal question presented by this case, and the jurisdictional amount in controversy for diversity jurisdiction is not met. This court lacks original jurisdiction over this case. Moreover, to the extent that the defendants asserted 28 U.S.C. § 1443 as grounds for removal, such removal was improper. There is no cognizable claim for a civil rights violation presented in this case. There is no reference in any pleading to "any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443. Because this case was improperly removed to this court, the plaintiff's motion for remand [Doc. No. 2–1] is **GRANTED** and this action is **REMANDED** to the Magistrate Court of Gwinnett County, Georgia. Further, the plaintiff's motion for costs and expenses associated with obtaining this remand [Doc. No. 2–2] is **GRANTED** pursuant to

---

**5.** The court notes that the defendant requested compensation for time spent preparing for an anticipated oral hearing on this motion. The court never scheduled or held an oral hearing on this motion as none was necessary. Therefore, the court does not include time spent preparing for and arguing at an oral hearing.

28 U.S.C. § 1447(c). The plaintiff is awarded $525.00 in actual expenses incurred. Further, the clerk will tax all costs incurred in this matter to the defendants.