**CITIMORTGAGE, INC., Plaintiff,**

v.

**Jalpa R. DHINOJA, Defendant.**

Civil Action File No. 1:10–cv–816–TCB.

United States District Court,
N.D. Georgia,
Atlanta Division.

April 13, 2010.

Daniel Keith Barbagelata, McCurdy & Candler, LLC, Decatur, GA, for Plaintiff.

Jalpa R. Dhinoja, Lawrenceville, GA, pro se.

## ORDER

TIMOTHY C. BATTEN, SR., District Judge.

This matter is before the Court on Plaintiff Citimortgage, Inc.'s emergency motion to remand [4] and Defendant Jalpa R. Dhinoja's emergency motion to stay the state court proceedings [3].

## I. Background

On February 2, 2010, Citimortgage foreclosed upon the real property commonly known as 1145 Downyshire Drive, Lawrenceville, Georgia 30044. On March 3, 2010, Citimortgage filed a dispossessory warrant in the State Court of Gwinnett County, Georgia, naming as defendants Dhinoja and/or all other residents. The dispossessory warrant alleged that Dhinoja and all other residents therein were tenants at sufferance due to the February 2 foreclosure sale conduct by Citimortgage. On March 4, Dhinoja was served with the warrant.

On March 22, Dhinoja filed his petition for removal to this Court. On March 24, the Magistrate Court of Gwinnett County held a hearing regarding the dispossessory warrant. At the hearing, Dhinoja entered into a consent judgment agreeing to vacate the premises on April 8, 2010.

On March 31, Dhinoja filed an emergency motion to stay the state court proceedings [3]. In his motion, Dhinoja asserts that one day prior to the March 24 proceeding, he filed notice with the Magistrate Court regarding his removal of the action to this Court. He asserts that on March 24, the Magistrate Court Judge "informed Defendant that he did not care if Defendant had removed the instant case to the United States District Court and that he was going to rule on the case and entered judgment for the Plaintiff and ordered Defendant to vacate the instant property within seven days...."[1] Dhinoja requests that the Court enter an emergency order finding the March 24 proceedings

to be invalid and requiring the Magistrate Court of Gwinnett County to stay any further proceedings related to the dispossessory warrant.

On April 8, Citimortgage filed an emergency motion to remand [4]. In the motion, Citimortgage contends that the Court does not have subject matter jurisdiction over the action and therefore should remand the action back to state court.

## II. Discussion

Pursuant to 28 U.S.C. § 1441, a civil action originally filed in a state court may be removed to federal district court if the district court has original subject matter jurisdiction over the case. However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. 1447(c). The burden is on the party seeking removal to establish federal subject matter jurisdiction. *See, e.g., Friedman v. N.Y. Life Ins. Co.,* 410 F.3d 1350, 1353 (11th Cir.2005); *Buice v. Buford Broad., Inc.,* 553 F.Supp. 388, 390 (N.D.Ga.1983). Further, "[f]ederal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand." *Russell Corp. v. Am. Home Assurance Co.,* 264 F.3d 1040, 1050 (11th Cir.2001).

While Dhinoja's civil cover sheet indicates that the basis of jurisdiction for the matter is diversity of citizenship, Dhinoja does not specifically state in his notice of removal the basis upon which he is entitled to remove this case. Thus, the Court will address both grounds.

---

1. In support of this allegation, Dhinoja refers to the Court to an Exhibit A attached to the motion. However, the only exhibit Dhinoja attached to his emergency motion is a proposed order granting the stay.

Further, Citimortgage attached to its response [5] a copy of the Magistrate Court's March 24 judgment. The judgment indicates that it is in fact a consent judgment and that Citimortgage would be issued a writ of possession on April 8, 2010.

## A. Federal Question Jurisdiction

■ Under 28 U.S.C. § 1331, a federal court may exercise jurisdiction over a case if it presents a question of federal law. "[F]ederal-question jurisdiction may be based on a civil action alleging a violation of the Constitution, or asserting a federal cause of action established by a congressionally created expressed or implied private remedy for violations of a federal statute." *Jairath v. Dyer*, 154 F.3d 1280, 1282 (11th Cir.1998).

■ "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). The federal question must form an essential element of the plaintiff's cause of action. *Gully v. First Nat'l Bank*, 299 U.S. 109, 112, 57 S.Ct. 96, 81 L.Ed. 70 (1936). In determining the presence of a federal question, this Court looks to the substance, not the labels, of the plaintiff's claims as contained in the factual allegations in the complaint. *See Mosher v. City of Phoenix*, 287 U.S. 29, 30, 53 S.Ct. 67, 77 L.Ed. 148 (1932).

■ In this action, Citimortgage filed a dispossessory warrant in state court pursuant to O.C.G.A. § 44-7-50. No federal law or authority is invoked on the face of the warrant. Thus, the dispossessory claim that forms the basis of this action is exclusively a matter of state law.

■ Additionally, even though Dhinoja's notice of removal alleges that Georgia's dispossessory process violates his rights under the United States Constitution, a Court's inquiry into the presence of federal question jurisdiction is limited to the allegations found in the plaintiff's well-pleaded complaint. If a federal question is not presented on the face of the complaint, "it is no substitute that the defendant is almost certain to raise a federal defense." *Pan Am. Petroleum Corp. v. Superior Court of Delaware*, 366 U.S. 656, 663, 81 S.Ct. 1303, 6 L.Ed.2d 584 (1961). Thus, it is immaterial that Dhinoja alleges that his constitutional rights have been violated. Consequently, the Court finds that there is no federal question presented such that this Court may exercise subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

## B. Diversity of Citizenship Jurisdiction

■ Another basis of removal jurisdiction is diversity of citizenship under 28 U.S.C. § 1332. The party seeking to establish diversity of citizenship jurisdiction must demonstrate that the amount in controversy exceeds $75,000 and that all plaintiffs are diverse from all defendants. 28 U.S.C. § 1332. Again, the Court must look to the plaintiff's claim to determine whether removal was appropriate. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir.1994). Importantly, because Citimortgage's complaint does not identify an amount of damages, Dhinoja must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 n. 5 (11th Cir.2001).

■ The Court finds that Dhinoja has not satisfied his burden. Dhinoja's notice of removal does not contain any allegations regarding the citizenship of either party or the amount in controversy. On the civil cover sheet, Dhinoja indicates that this court has jurisdiction pursuant to diversity jurisdiction and that Dhinoja is a citizen of Georgia. However, the civil cover sheet does not identify the citizenship of Citimortgage. Thus, Dhinoja has failed to

demonstrate that the parties are fully diverse as required by 28 U.S.C. § 1332.

Further, Dhinoja has failed to demonstrate that the amount in controversy has been satisfied. Dhinoja attached as an exhibit to his notice of removal a form document he completed as his answer to the dispossessory warrant. On this document, Dhinoja asserts that the warrant stems from a bad faith foreclosure and asserts a counterclaim against Citimortgage in the amount of $55,000. However, as stated above, the Court must look only to Citimortgage's claim to determine if the amount in controversy is satisfied. *See Novastar Mortg. Inc. v. Bennett,* 173 F.Supp.2d 1358, 1361 (N.D.Ga.2001) ("It is beyond dispute, therefore, that removal is permissible only when the plaintiff's claim could have been filed in federal court, and the court must look only to the plaintiff's claim as a basis for federal jurisdiction."). Thus, Dhinoja's counterclaim is immaterial and is insufficient to satisfy the amount in controversy requirement.

Moreover, this court has held that as a matter of law, a claim seeking only ejectment in a dispossessory action cannot be reduced to a monetary sum for purposes of determining the amount in controversy. *See Novastar,* 173 F.Supp.2d at 1361–62. Consequently, Dhinoja cannot reduce the benefit sought to a monetary sum and there is no pecuniary amount in controversy. *Id.* Absent any measurable amount in controversy, the requirements of 28 U.S.C. § 1332 cannot be satisfied.

Because Dhinoja has failed to demonstrate that the parties are completely diverse and that the amount in controversy requirement is met, this court lacks original jurisdiction over the case under 28 U.S.C. § 1332. Accordingly, removal was improper.

### III. Conclusion

For the foregoing reasons, the Court GRANTS Citimortgage's emergency motion to remand [4] and DENIES AS MOOT Dhinoja's emergency motion to stay [3]. The CLERK is DIRECTED to close this case.